**ENE TOFILI of Fitiuta, Appellant**

**v.**

**MOEGA NU'U and MALIA, both of Fitiuta, Appellees**

No. 34-1961

High Court of American Samoa

Civil Jurisdiction, Appellate Division

[Land: "Tuaolo" in Leusoalii]

July 14, 1961

---

Heard at Fagatogo on June 28, 1961, before MORROW, *Chief Justice*, and MAILO and TAGO, *Temporary Associate Judges.*

Aumoeualogo, counsel for the Appellant.

Muagututia, counsel for the Appellees.

MORROW, *Chief Justice*

This is an appeal from the decree of the Trial Division in which it was ordered that a certain part of the land Tuaolo situated in the Village of Leusoalii, Fitiuta, Island of Tau, be "registered as the communal family land of the Moega title in Fitiuta." The land contains 0.1651 Ac. ±.

Appellees Moega and Malia surveyed this tract and offered it for registration as their individually owned property. Appellant Ene objected to the proposed registration claiming that the land was the "communal family land of the Fetui Family in Fitiuta." However, at the trial in the lower court it appeared that Fetui, a lesser matai in the Moa Family, had been looking after the affairs of that family during the absence of the Moa in Honolulu and that Ene's claim really was that the land involved was the communal family land of the Moa Family.

There was much contradictory evidence introduced at the trial, the evidence in favor of Ene indicating that the

land was Moa land while the contradictory evidence in favor of Moega and Malia indicated that the land was the communal family land of the Moega. Moega and Malia are brother and sister. Moega, like Fetui, is a lesser matai in the Moa Family. The Court weighed the evidence and concluded that the greater weight of evidence was to the effect that the land was Moega communal family land.

Ene appealed upon four grounds. The first ground of appeal is that "The Court was misled when its ruling said, 'Teleaai the grandfather of Ene Tofili who is not a member of the Moega branch of the Moa family is buried on this land.'" We have examined the English opinion of the Trial Court and find that what the Court said was not what the appellant claims it said. It said, instead: "Paulo, the grandfather of Moega and Malia, is buried on this land as is Teleaai, the grandfather of the objector Ene Tofili, who is not a member of the Moega branch of the Moa Family."

The transcript of the testimony taken at the trial shows that Malia testified as follows:

"Q   Any people buried on that land?
"A   Yes.
"Q   Who are they?
"A   Paulo and Teleaai."

The transcript shows that Ene himself testified:

"Q   You belong to the branch of the Moa family that Moega is in?
"A   We are all in the Moa family but we are connected from different branch of the Moa family. We both belong to different clan.
"Q   Are you telling us that Ene and Moega belong to different clan in the Moa Family?
"A   Right."

It thus appears that there was abundance of evidence from which the Court could properly conclude that its statement in the opinion was correct. The ground of appeal, as appears above, does not correctly quote the

statement of the Court. The first ground of appeal is without merit.

The second ground of appeal was to the effect that, "The Moa Family was not aware of the deed between Moega Nu'u and Iosefatu to the Government of American Samoa due to the fact that there was no notice posted in two public places in the Village of Fitiuta, Manua."

Apparently the appellant believes that the law requires notice of a deed to land to be given to the public by the posting of a notice of the deed in two public places. The law makes no such requirement. Section 905 of the Code relating to the registration of land provides that "Notice of the proposed registration shall be posted for 60 days on the bulletin board at the Administration Building and at two public places in the village in which, or nearest to which, the land is located." Posting of notice of proposed registration of land is an entirely different thing from posting of notice of a deed of land. Apparently the appellant is confused. There is no merit in the second ground of appeal.

The third ground of appeal was that, "If any notice was published in two public places according to law I or we would have objected." Apparently this refers to a notice of the proposed registration of that part of Tuaolo adjoining the part of Tuaolo which is the subject matter of the present litigation and which first-mentioned part was deeded by "Moega Nu'u and Iosefatu, individually and for the members of their families" to the Government of American Samoa by deed dated 15 October 1956 and recorded on February 27, 1957 in Vol. III, Register of Land Transfers at pp. 68, 69.

The Government built a dispensary on the deeded part. When counsel for the appellant was shown the record of the registration of the land deeded to the Government he saw that according to the record not only had public oral

notice of the intended survey of the land been given "at a meeting of the chiefs" of Leusoalii, Fitiuta, in their village but also that the pulenuu of Leusoalii, Fitiuta, had posted notice of the proposed registration of the land in two public places for 60 days as required by law. When counsel saw that the law relating to posting of notice in the village had been complied with, he withdrew the third ground of appeal.

The appellant as a fourth ground of appeal states that, "My main witness was not available at the time of the court case due to bad weather (hurricane)." This ground of appeal has no merit. If the appellant's main witness was not available to testify during the trial in the lower court, he should have asked the Court for a continuance. He made no such request. As a matter of fact, the appellant was a witness for himself as was also Chief Paopao, a senator from Fitiuta, who was familiar with the land Tuaolo and the titles in Fitiuta. If Galeai (he was the absent main witness, according to counsel Aumoeualogo) was really needed as a witness, the failure of the appellant to ask the trial court for a continuance was negligence on his part. It was not error for the Court to proceed with the trial in the absence of Galeai when, if Galeai was a necessary witness, the appellant, due to his own negligence, did not ask for a continuance. The fourth ground of appeal is without merit. Furthermore, there is no showing that Galeai's testimony would have added anything to the testimony of appellant and Paopao.

We have gone over the testimony. There was abundance of evidence to support the finding of the trial court that the part of Tuaolo which Moega and Malia offered for registration was Moega communal land. It was undisputed that Moega and his sister Malia had had plantations on the land Tuaolo for more than 20 years. Malia had a house on it for many years before it was blown down in the 1959

hurricane. Moega's and Malia's parents lived on Tuaolo, and Malia was born on it. Paulo, the grandfather of Moega and Malia, is buried on it. Malia's mother is also buried on the land as is Selemaea, the great-grandfather of Moega and Malia. Also the Moa family raised no objection when the part of Tuaolo deeded by Moega and Iosefatu to the Government of American Samoa, public notice of the proposed registration having been posted in Leusoalii, Fitiuta, for 60 days according to law.

This Court cannot set aside the finding of fact of the trial court that the land involved was the communal family land of the Moega title and grant a new trial.

Section 213 of Chapter 5 (Judiciary and Judicial Procedure) of Section 10 of Amendments, Nos. 11–59, 1952 provides that, "The findings of fact of the Trial and Probate Divisions of the High Court in cases tried by them shall not be set aside by the Appellate Division of that court unless *clearly erroneous* (emphasis added)."

The finding as to the ownership of the land is well supported by the evidence, and it was not clearly erroneous.

It follows from the foregoing that the decree of the trial court should be affirmed.

### ORDER

Accordingly, it is hereby ORDERED that the decree of the Trial Division in the case of *Ene Tofili of Fitiuta v. Moega Nu'u and Malia, both of Fitiuta*, No. 17-1961, be and the same is hereby affirmed.

The Registrar of Titles should now proceed to register the land involved as decreed by the Trial Division.

Costs in the sum of $6.25 are hereby assessed against Ene Tofili, the appellant, the same to be paid within 30 days.